UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMIE GRIFFITTS, | ) | Case No. 1:22-cv-1842 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| JAMIE D. GRIFFITS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

Jamie Griffitts filed this action *pro se* listing himself as both the Plaintiff and the Defendant. He seeks to remove Case No. 22 TRD 2199 from an unspecified municipal court claiming that laws requiring him to have a driver's license unconstitutionally restrict his right to travel. He provides no other information regarding the municipal court case. He asks the Court to dismiss Case No. 22 TRD 2199 and award him damages.

Griffitts also filed a motion to proceed *in forma pauperis*. (ECF No. 2.) However, he did not make a sincere attempt to complete the form properly by supplying accurate information. Instead, he simply put large zeros through all categories on the form or simply left it blank. He did not provide any information on his assets, liabilities, income, or expenses. Moreover, he did not provide any explanation for how he has no expenses such as food, housing, and transportation. The only explanation he provided was, "unconstitutional acts done by those acting in the name of government." (ECF No. 2, PageID #16.)

To ensure access to the courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if he demonstrates by affidavit his inability to pay those fees. Litigants are not required to be absolutely destitute to proceed *in forma pauperis*; the statute does not require them to "contribute . . . the last dollar they have or can get." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Rather, they must demonstrate by affidavit that because of their poverty, they cannot pay the fee and continue to provide for the necessities of life. *Id.* Courts evaluating applications for IFP status generally consider an applicant's employment, annual income, expenses, and any other property or assets he may possess. *Giles v. Commissioner of Soc. Sec.*, No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014) (citation omitted)). Proceeding *in forma pauperis*, however, is a privilege, not a right, and permission to proceed in this manner is committed to the sound discretion of the Court. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir.1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991).

In this case, Griffitts did not make a good-faith attempt to complete the application to demonstrate poverty or otherwise qualify to proceed *in forma pauperis*. Therefore, the Court has no information on which to evaluate the merits of the motion.

Accordingly, the Court **DENIES** Griffitts's motion to proceed *in forma pauperis* (ECF No. 2) and **DISMISSES** this action **WITHOUT PREJUDICE**. Griffitts may reopen this action within thirty (30) days by first paying the full filing fee of $ 402.00 and then filing a motion to reopen. The Court will not accept any

additional documents for filing in this case, including a motion to reopen, unless and until the filing fee is paid in full.

**SO ORDERED.**

Dated: October 19, 2022

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio